IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **KRISTIN MOK**, | )<br>)<br>) Civil Action No.: |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) **COMPLAINT** |
| **BK HOLDINGS LLC, d/b/a THC at Peoria Crossing** and **d/b/a The Herbal Center** and **BRIAN CUNG**, | )<br>)<br>) **JURY DEMAND** |
| Defendants. | )<br>)<br>) |

Plaintiff, **KRISTIN MOK** (hereinafter "Plaintiff"), by and through her attorneys, JTB LAW GROUP, LLC, files this Complaint alleging Defendants, **BK HOLDINGS LLC, d/b/a THC at Peoria Crossing** and **d/b/a The Herbal Center** and **BRIAN CUNG**, (collectively "Defendants") intentionally and willfully denied the Plaintiff proper overtime compensation along with other unlawful labor practices. Plaintiff asserts the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover monetary damages, liquidated damages, interest, and costs, including reasonable attorney's fees, as a result of Defendants' willful violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Colorado Wage Act, Colo. Rev. Stat. § 8-4-101 *et seq.* ("CWA"), and Colorado Minimum Wage Order 32 ("CMWO").

2. Defendants were sent two pre-suit litigation letters to discuss this matter and did not reply.

3. Plaintiff worked for Defendants as a receptionist from approximately February 2015 to January 2016.

1

4. Plaintiff was paid straight time for hours she worked in excess of forty (40) hours in a workweek.

5. Plaintiff frequently did not receive any overtime premium despite working in excess of forty (40) hours during many weeks.

6. Defendants' failure to pay overtime violates the overtime provision of the FLSA, 29 U.S.C. § 207, which provides that an employee is entitled to one and a half (1.5) times his or her regular rate of pay for all hours worked in excess of forty (40) in a workweek. This also violates the overtime provisions of the CWA and CMWO.

7. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the FLSA and corresponding regulations, CWA, and CMWO by failing to pay Plaintiff proper overtime compensation for hours worked over forty (40) in a given workweek.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

9. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367, as to claims under Colorado State Law.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (c) and (d) because the Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

11. Defendant **BK HOLDINGS LLC** is a business existing and registered under the laws of the State of Colorado.

12. **BK HOLDINGS LLC** was formed in approximately early 2014.

13. **BK HOLDINGS LLC** is actively doing business in this State and District and maintains its principal place of business at 12005 East 37th Avenue, Denver, CO 80239.

14. **BK HOLDINGS LLC** also maintains a place of business at 1909 S. Broadway, Denver, CO 80210.

15. **BK HOLDINGS LLC** does business as both **THC at Peoria Crossing** and **The Herbal Center**.

16. Defendant, **BRIAN CUNG**, is an owner, manager, and/or agent of **BK HOLDINGS LLC**.

17. At all relevant times, **BRIAN CUNG** possessed operational control over, possessed an ownership interest in, and/or controlled significant business functions of **BK HOLDINGS LLC**.

18. At all relevant times, **BRIAN CUNG** had the authority to hire and fire employees of **BK HOLDINGS LLC** including Plaintiff; determine the wages and compensation of Plaintiff and other employees of **BK HOLDING LLC**; establish their work schedules; and/or maintain their employment records.

19. At all relevant times herein, Plaintiff, **KRISTIN MOK**, was and is a resident of the City and County of Denver, State of Colorado.

20. Plaintiff, **KRISTIN MOK**, was employed by Defendants as an hourly paid receptionist from approximately February 2015 to January 2016.

## FACTUAL ALLEGATIONS

21. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

22. **BK HOLDINGS LLC** is a domestic limited liability company formed and organized under the laws of the State of Colorado.

23. **BK HOLDINGS LLC** is engaged in the retail sale of marijuana and related products.

24. Defendants operate and control an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.

25. Plaintiff was employed by Defendants as an hourly paid receptionist from approximately February 2015 to January 2016.

26. Plaintiff worked for Defendants as an hourly paid worker.

27. Plaintiff's primary job duties as a receptionist included, but were not limited to, general responsibilities of a receptionist and other tasks as needed by the employer.

28. Plaintiff's position does not fall under any exemption from overtime under the FLSA.

29. Plaintiff regularly worked overtime while she worked for Defendants.

30. Despite regularly working overtime, Plaintiff was rarely compensated for overtime hours at one and a half times her regular rate of pay.

31. Defendants changed how they paid Plaintiff throughout her employment.

32. Initially, her overtime hours were listed as a "bonus" at a rate that equaled approximately her regular rate.

33. For example, for the pay period that began July 5, 2015 and ended July 18, 2015, plaintiff was compensated for eighty (80) hours at eighteen dollars ($18) per hour and received a bonus of $170.46.

34. Plaintiff's time sheet for that two week pay period showed her working 89.47 hours.

35. As she was paid for eighty (80) hours, 9.47 hours were unaccounted for on the paystub, but the $170.46 bonus is equivalent to those 9.47 hours being compensated at eighteen dollars ($18) per hour.

36. Plaintiff was paid at straight regular hourly rate for all the hours she worked including overtime from July 5, 2015-July 18, 2015.

37. Plaintiff's paystub is for two weeks and does not break the hours down by week, but as she worked 89.47 hours over the two week period, at least some of those hours were beyond forty (40) hours in a workweek.

38. On some occasions, Defendants gave Plaintiff multiple paystubs and checks for the same pay period.

39. Each individual paystub represented less than eighty (80) hours for a two week period, but when those paystubs for the same two week period were combined, they represented more than eighty (80) hours being worked over that two week pay period.

40. For example, for the pay period of January 3, 2016 until January 16, 2016, Plaintiff received one paystub that compensated for 49.35 hours and another that compensated for 38.12 hours for a combined 87.47 hours.

41. Both paystubs compensated for all hours at a rate of eighteen dollars ($18) per hour.

42. Plaintiff did not receive any overtime premium compensation despite working in excess of eighty (80) hours for a two week period, and logically in excess of forty (40) hours for at least one of the seven day periods.

43. Defendants' failure to pay overtime compensation to Plaintiff, as alleged herein, was willful, intentional, and/or not in good faith.

44. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the State of Colorado, U.S. Department of Labor, or any administrative practice or enforcement policy of such department.

45. Defendants' violations of the FLSA, CWA, and CMWO were willful, arbitrary, unreasonable and in bad faith.

46. Defendants were aware that the FLSA applies to their business at all relevant times.

**FIRST CLAIM FOR RELIEF**
**(Violation of the FLSA)**

47. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

48. Plaintiff was an employee of Defendants.

49. Plaintiff was required by Defendants to, and regularly worked over forty (40) hours a week.

50. Defendants paid Plaintiff overtime compensation at a straight rate of pay.

51. Defendants failed to pay Plaintiff overtime compensation at time and a half (1.5) of Plaintiff's regular rate of pay for hours worked in a workweek in excess of forty (40), in violation of the FLSA.

52. Defendants' conduct and practice, described herein, was willful, intentional, unreasonable, arbitrary, and in bad faith.

53. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

54. As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**(Violation of CWA and CMWO)**

55. Plaintiff repeats and realleges all preceding paragraphs of this Complaint, as if fully set forth herein.

56. Plaintiff was an employee of Defendants.

57. Plaintiff was required by Defendants to, and regularly worked over forty (40) hours a week.

58. Defendants paid Plaintiff overtime compensation at a straight rate of pay.

59. Defendants failed to pay Plaintiff overtime compensation at time and a half (1.5) of Plaintiff's regular rate of pay for hours worked in a workweek in excess of forty (40), in violation of the CWA and CMWO.

60. Defendants' conduct and practice, described herein, was willful, intentional, unreasonable, arbitrary, and in bad faith.

61. Because Defendants willfully violated the CWA and CMWO, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to the CWA and CMWO.

62. As a result of the foregoing, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees, and other compensation pursuant to the CWA and CMWO.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(A) A declaratory judgment that Defendants' wage policy and practice alleged herein violates the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 19 C.F.R. § 516 *et seq.*;

(B)     A declaratory judgment that Defendants' wage policy and practice alleged herein violates the CWA and CMWO;

(C)     An Order directing the Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff during each workweek;

(D)     Judgment for damages for all unpaid overtime compensation owed to Plaintiff during the applicable statutory period under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(E)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(F)     Judgment for damages for all unpaid overtime compensation owed to Plaintiff during the applicable statutory period under the CWA and CMWO;

(G)     Judgment for penalty of the unpaid overtime to Plaintiff pursuant to the CWA and CMWO;

(H)     An order directing Defendants to pay Plaintiff reasonable attorney's fees and all costs connected with this action;

(I)     An order for injunctive relief and permanently enjoining Defendants from future violations of the FLSA, CWA, and CMWO;

(J)     Judgment for any and all civil penalties to which Plaintiff may be entitled; and

(K)     Such other and further relief as to this Court may deem necessary, just, and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the complaint.

Dated: 4/21/2017                                    Respectfully submitted,

**JTB LAW GROUP, LLC**

By: /s/ Jason T. Brown
    Jason T. Brown
    jtb@jtblawgroup.com
    Alexander B. Imel
    alec.imel@jtblawgroup.com
    Nicholas R. Conlon
    nicholasconlon@jtblawgroup.com
    155 2nd St, Ste. 4
    Jersey City, NJ 07302
    (877) 561-0000 (office)
    (855) 582-5297 (fax)

*Attorneys for Plaintiff*